**John W. ANDERSON, et al., etc., Appellants,**

**v.**

**WERNER CONTINENTAL, INC., et al., Respondents.**

**No. C4–84–1659.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

James Malcolm Williams, Minneapolis, for appellants.

Robert V. Atmore, Minneapolis, for respondents.

Heard, considered, and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a June 13, 1984, judgment dismissing with prejudice appellants' state court case on grounds of res judicata. Affirmed.

## FACTS

Ten years ago appellants commenced an action in the federal district court against the same defendants named herein; the complaint alleged that they had violated federal securities laws and regulations in the course of negotiating the purchase of stock from another company.

At the same time, appellants commenced this action in Hennepin County alleging common law fraud, and violations of fiduciary duties and state securities laws. Although this action is based on the same set of facts as the federal action, and the named respondents in both actions are the same, appellants made no attempt to join the state claim to the pending federal court action.

Respondents moved immediately to dismiss or stay the state court action, arguing that appellants could seek pendent jurisdiction over their state claims in the federal action.

Three years later the state court issued an order granting respondents' motion to stay the action. During this time appellants did nothing to pursue the state court action.

Meanwhile, the federal court denied appellants' motion for class action certification. The federal court also dismissed 30 of the 120 named appellants for failure to state a claim. Ultimately, the federal court judge dismissed all claims of 84 of the remaining appellants for willful failure to make discovery and to comply with court orders.

When the state court issued its order staying state proceedings, appellants moved to stay the federal proceedings so the matter could be tried first in state court. The federal court denied the motion.

Several years later the remaining 7 appellants requested the federal court to dismiss the action without prejudice "so that there is no collateral estoppel or res judicata claim by the defense in future proceedings in Hennepin County District Court." The federal court judge denied appellants' motion and dismissed *with prejudice*. The court said,

"Plaintiffs chose to bring this action in federal court and cannot, at this late date, seek to avoid the consequences of adverse rulings by a mere change of forum."

More than a year later appellants moved for an order lifting the stay of their state action, certifying a class and setting a trial date. Respondents moved to dismiss the action on grounds of res judicata. The state court found that res judicata barred further prosecution of appellants' state law action and ordered it dismissed.

## ISSUE

Did the trial court err in dismissing appellants' state action on res judicata grounds?

## ANALYSIS

The trial court relied heavily on *Rennie v. Freeway Transport*, 294 Or. 319, 656 P.2d 919 (1982), in dismissing appellants' state action. In that case, the plaintiff had filed a federal action charging federal securities violations. He then filed a similar state common law fraud action. Upon the motion of the defendants and over the objection of the plaintiffs, the trial court stayed the state court action. Plaintiff lost in the federal court, having never asserted his state claims in that forum. Defendants then moved to dismiss the state action on res judicata grounds. The court held that the action was barred because plaintiff could have asserted his state claims in federal court. The court said:

> We are convinced that the better rule, the one more consonant with the policies behind res judicata, is that a plaintiff must attempt to have all claims against a defendant arising out of one transaction adjudicated in one court in one proceeding, at least insofar as possible, despite the fact that the various claims may be based on different sources of law.

Appellants try to distinguish this case by arguing that the plaintiffs in *Rennie* had their day in court, whereas here the case was dismissed without a full hearing on the merits. Therefore, res judicata cannot apply.

This argument is without merit because the federal court action was dismissed on the merits. Federal Rules of Civil Procedure, Rule 41(b) provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Since this case does not fall within the enumerated exceptions, it was dismissed on the merits.

Appellants also argue that in *Rennie* there was no statute of limitations problem, as there is here. They contend the statute of limitation is the "substantial justification" the *Rennie* court envisioned as justifying failure to join state claims to federal actions, citing the following language.

> Since plaintiff has failed to advance any substantial justification for having neglected to attempt joinder of the present claim in the prior federal court action, where it could have been finally adjudicated, we hold that the judgment there bars this action under res judicata.

*Id.* at 927.

This language is not persuasive in light of several other passages in the opinion. *Rennie also held:*

> To the extent that a given state of facts is susceptible to alternative interpretation and analysis, plaintiff *must* seek and exhaust all alternative grounds or theories for recovery in one action.

*Id.* at 921.

The court explained "claim preclusion" as broader than traditional notions of res judicata in that it bars prosecution of claims which have never been litigated between the parties. *Id.* at 921. Restatement (Second) of Judgments §§ 17, 24–25 (1982) notes that claim preclusion is based upon, and *limited by*, the ability of plaintiff under modern liberalized joinder-of-claims rules to present all of his or her claims in one proceeding. Therefore, the court held that judgment precluded plaintiff from seeking other remedies based on the same facts. *Id.* at 922.

Here, appellants' filing of their state claim within a one year statute of limitations in no way prohibited them from requesting the federal court to invoke pendent jurisdiction. Therefore, claim preclusion or res judicata is not limited by appellants' statute of limitations argument.

This conclusion recognizes that under the broad joinder provisions of our modern rules of procedure appellants have a convenient vehicle for presenting the federal courts with their several theories of relief. It also is consistent with public policy favoring judicial economy through the adjudi-

cation of all claims arising out of the same transaction or occurrence in one action.

In *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939 (7th Cir. 1981), the court enjoined a plaintiff from bringing a state contract action when the litigant did not invoke pendent jurisdiction to hear that claim in an earlier federal antitrust action. The court found that plaintiff had a full opportunity to present his state claim in the federal action, but failed to do so. By so failing, he split his cause of action and was barred from starting a new state action. The court rationalized this conclusion by saying:

> The uncertainty over whether a trial judge would exercise pendent jurisdiction does not justify permitting the institution of a multiplicity of proceedings which may have the effect of harassing defendants and wasting judicial resources. If appellant entertained any doubts at the pleading stage, they should have been resolved in favor of joinder.

*Id.* at 946.

Despite this precedent, appellants argue that it was error to dismiss the state action on grounds of res judicata because the federal judge found the two actions did not involve the same cause of action. The federal court said "it does not appear that the state court action is substantially the same as the federal action." Order, September 27, 1977.

This language was contained in a memorandum order denying plaintiff's motion to stay federal proceedings pending resolution of state court claims. The judge was never asked to consider the propriety of pendent jurisdiction and never considered the state action in that context. Therefore, the language is not binding.

The modern approach to determining whether identical claims are asserted in two lawsuits is the "same transaction" test. *Movie Systems, Inc. v. Abel*, 99 F.R.D. 129 (D.Minn.1983). This is met if the same operative nucleus of facts is alleged in support of the claims. Applying this test, the trial court found the same facts gave rise to claims under two theories of relief; federal and state law. This finding is not clearly erroneous.

## DECISION

We affirm.