**Kathryn A. ROBERTS, Appellant,**

v.

**John J. FLANAGAN, Respondent.**

**No. C3–87–646.**

Court of Appeals of Minnesota.

Aug. 25, 1987.

Kenneth M. Holker, Holker Law Offices, Monticello, for appellant.

Timothy R. Murphy, Audrey A. Zibelman, Geraghty, O'Loughlin & Kenney, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a summary judgment dismissing appellant's claims on the grounds of collateral estoppel and res judicata. Appellant previously obtained a default judgment against respondent regarding his failure to pay a promissory note. The trial court determined appellant's subsequent claims were barred because certain claims were identical to her previous claims and others arose from the same transaction. Appellant claims the trial court erred ·because the court improperly (1) applied the doctrine of collateral estoppel to certain claims, (2) determined her subsequent claims arose out of the same transaction, and (3) disregarded Minn.R.Civ.P. 54 which she claims prevents the default judgment from becoming a final judgment as to all of her claims and therefore allows consideration of her subsequent claims. We affirm as modified.

## FACTS

The facts are undisputed. Respondent John J. Flanagan initially represented appellant Kathryn A. Roberts in a wrongful death and dram shop action arising from the death of appellant's husband. That action was successfully settled by respondent· in spring 1984.

Several months following the settlement, appellant invested $50,000 with respondent. The investment was documented by a September 27, 1985 promissory note between appellant and respondent.

In June 1985, appellant commenced an action to collect on the note (*Roberts I*). In her complaint, appellant alleged nonpayment under the note, that respondent "improperly induced" appellant into entering the note, and his failure to pay the note was willful and constituted a "willful indifference" to her rights. Damages sought included the note, interest, punitive damages, attorney fees and other relief. When respondent did not answer appellant's complaint, appellant moved for a default judgment.

In her motion for a default judgment, appellant sought not only damages for principal and interest due ɔn the note, but also an order determining respondent acted fraudulently and an order reserving her claim for punitive damages. In support of the motion, appellant submitted a detailed affidavit, which included an accusation that respondent fraudulently, deliberately and improperly induced appellant to enter the note in violation of the attorney-client relationship.

The court granted her motion for default judgment, thereby entitling her to recover the principal and interest due under the note. The court also found the debt was gained by fraud and granted appellant's request for reasonable attorney fees and preserved her claim for punitive damages as requested.

Appellant then commenced the instant action (*Roberts II*), asserting claims for negligence, breach of contract, fraud, conversion, malpractice, breach of fiduciary

duty and punitive damages. In response, respondent moved for summary judgment barring appellant's subsequent claims on the grounds of collateral estoppel and res judicata.

The court granted respondent's motion for summary judgment. The court reasoned appellant's subsequent claims for negligence, fraud and breach of contract were identical to appellant's earlier claims and therefore were precluded from relitigation by collateral estoppel. For the same reason, the court also dismissed appellant's punitive damage claim.

The court determined the only new allegations regarded conversion, malpractice and breach of fiduciary duty. Regarding these claims, the court applied the doctrine of res judicata which bars new claims arising from the same transaction. The court stated:

> All of the claims, no matter how labeled, arise out of the same transaction. Many of the claims made are identical. The other claims most assuredly could have been raised in Roberts I and are therefore barred. To allow plaintiff to proceed on her new theories of recovery, would be in clear violation of the well established law of this state, precluding parties from splitting their cause of action and bringing successive lawsuits involving the same set of factual circumstances.
>
> Plaintiff is free to pursue whatever remains of her lawsuit venued in Hennepin County.

This order granting respondent's motion for summary judgment was filed December 31, 1986 and judgment was entered accordingly January 6, 1987. This appeal followed.

### ISSUE

Did the trial court err in determining appellant's subsequent claims were barred?

### ANALYSIS

1. In reviewing a summary judgment, this court must determine "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Because the facts are undisputed, the only question that remains is whether the trial court erred in applying the law.

2. Minnesota law recognizes two aspects of the doctrine of res judicata: (1) merger or bar, and (2) collateral estoppel. The first, also known as estoppel by judgment, serves as an absolute bar to a subsequent suit on the same cause of action both as to matters actually litigated and as to other claims or defenses that might have been litigated. Collateral estoppel, the other aspect of res judicata, operates only as to matters actually litigated, determined by, and essential to a previous judgment. For a court's determination to constitute estoppel by judgment, a final judgment is required on the merits with respect to the same cause of action. If the judgment is favorable, a subsequent identical claim merges into it. In the case of an unfavorable judgment, the claim sued on is extinguished, and the decision is a bar to further litigation on the claim.

*Roseberg v. Steen,* 363 N.W.2d 102, 105 (Minn.Ct.App.1985) (citations omitted).

■ In this case, the court determined appellant's claims for negligence, fraud and breach of contract in *Roberts II* were identical to previous claims in *Roberts I* and concluded collateral estoppel bars relitigation. Appellant argues the trial court erred because those claims were not "actually litigated" but resulted from a default judgment and therefore cannot support application of collateral estoppel.

Appellant relies on 4 D. McFarland & W. Keppel, *Minnesota Civil Practice,* at 116–117 (1979), to support her argument. The authors do discuss the Restatement of Judgments rule that sustains appellant's theory. They continue, however, to explain a contrary rule in Minnesota where a default judgment is not only res judicata to another action on the same claim but collateral estoppel as to those issues pleaded in

the complaint. *Id.; see, e.g., Herreid v. Deaver*, 193 Minn. 618, 622, 259 N.W. 189, 191 (1935) (default judgment stands "as final determination of the facts essential to its existence"). The trial court therefore did not err in applying collateral estoppel to those claims determined in the previous default judgment.

We conclude, however, the trial court erred in including appellant's punitive damage claim with those claims precluded by collateral estoppel. This particular claim was reserved and not determined in the default judgment. We therefore modify to specifically exclude appellant's punitive damage claim from dismissal and allow appellant to pursue this claim in Hennepin County.

■ 3. Appellant next claims the trial court erred in determining her additional claims of conversion, malpractice, and breach of fiduciary duty arose from the same transaction. Appellant maintains her subsequent claims arose from a separate and distinct transaction. She argues *Roberts I* is based on fraudulent inducement in signing of the note and subsequent default, while *Roberts II* is based on improper rendering of financial, legal and investment advice.

In *Anderson v. Werner Continental, Inc.*, 363 N.W.2d 332 (Minn.Ct.App.1985), this court established the "same transaction" test, which is met "if the same operative nucleus of facts is alleged in support of the claims." *Id.* at 335. Applying this test, we conclude the same operative nucleus of facts supporting fraudulent inducement determined in *Roberts I* also supports her claims in *Roberts II* regarding improper rendering of financial, legal and investment advice. In *Anderson*, this court also stated:

> To the extent that a given state of facts is susceptible to alternative interpretation and analysis, plaintiff *must* seek and exhaust all alternative grounds or theories for recovery in one action.

*Id.* at 334 (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 656 P.2d 919, 921 (1982)) (emphasis in original). The trial court therefore did not err in determining

appellant's new claims arose from the same transaction and should have been raised in *Roberts I*. The court properly concluded her new claims were barred by res judicata.

■ 4. Appellant further claims the trial court erred by disregarding rule 54 of the Minnesota Rules of Civil Procedure which provides:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Minn.R.Civ.P. 54.02 (emphasis added).

Appellant argues because the trial court in *Roberts I* did not expressly determine "there is no just reason for delay," the resulting default judgment is subject to revision and therefore not final for purposes of res judicata.

Cases interpreting rule 54.02, however, usually arise where the trial court grants a partial summary judgment or otherwise dismisses a portion of the claims of a party or parties and the reviewing court is asked to address the appealability of the order. *Pederson v. Rose Co-Op Creamery Association*, 326 N.W.2d 657, 660 (Minn.1982); *see, e.g., Barry v. Johnson*, 350 N.W.2d 498 (Minn.Ct.App.1984) (pursuant to rule 54.02, partial summary judgment not final and therefore not appealable).

Appellant cites no authority for extending the rule to determine the finality of a judgment for res judicata purposes. We conclude rule 54.02 does not apply to pre-

vent application of res judicata in this case and thereby allow appellant to bring successive lawsuits involving the same set of factual circumstances.

## DECISION

Because the facts are undisputed and the trial court properly applied the law, we affirm summary judgment regarding appellant's subsequent claims for negligence, breach of contract, fraud, conversion, malpractice and breach of fiduciary duty. We modify, however, to allow appellant to pursue her reserved punitive damage claim in Hennepin County.

Affirmed as modified.