Arnold F. HOFSTAD, et al., Appellants,

v.

Edmund C. HARGEST, et al., Respondents.

No. C0–87–460.

Court of Appeals of Minnesota.

Sept. 8, 1987.

**6**

David P. Sullivan, Bye, Boyd, Andresen & Sullivan, Duluth, for appellants.

R. Walter Bachman, Jr., Lindquist & Vennum, Minneapolis, Bryan N. Anderson, Donovan, McCarthy, Crassweller & Magie, Duluth, for respondents.

Heard, considered and decided by RANDALL, P.J., and LANSING and MULALLY *, JJ.

## OPINION

RANDALL, Judge.

Appellants Arnold and Irene Hofstad commenced a Torrens registration proceeding. One of the issues raised in an amended application was fraud. In 1982, the trial court found constructive fraud, and entered judgment for the Hofstads, declaring null and void portions of all certificates of title purporting to establish ownership in the disputed fifteen foot strip of land in any party other than the Hofstads.

In 1986, the Hofstads brought an action seeking damages resulting from the fraud. The trial court granted respondents' Hargests' motion for judgment on the pleadings, holding the subsequent action for damages was barred under the doctrine of res judicata. The Hofstads appeal. We affirm.

## FACTS

In 1955, respondents Edmund and Wilhelmina Hargest purchased property adjoining Chub Lake. On October 29, 1957, respondents conveyed to appellants Arnold and Irene Hofstad, by warranty deed, a portion of this property. The conveyed property included "[t]hat part of Government Lots 3 and 4 in said Section 26 lying south and east of a line parallel to and 15 feet northerly and northwesterly of the following described line: * * *."

On September 12, 1974, respondents conveyed their interest in the remaining property to their son, Robert Hargest. The description of the conveyed property excepted "[t]hat part of Government Lots Three (3) and Four (4) lying South and East of a line parallel to and 15′ Northerly and

Northwesterly of the following described line: * * *." Robert Hargest's amended application to register title did not contain the phrase "of a line parallel to and 15′ Northerly and Northwesterly". The property, including the disputed fifteen foot strip, was registered in Robert Hargest's name. Shortly before his death, Robert Hargest conveyed the property, including the fifteen foot strip, back to respondents.

In 1980, appellants commenced an application for Torrens registration of the property respondents had conveyed to them. Respondents opposed the registration. In January 1982 appellants amended the application to allege fraud. They sought relief under Minn.Stat. § 508.71, subd. 2 (1980), requesting cancellation of the Hargests' certificate of title alleging it was induced by fraud, or, in the alternative, alleging error by Robert Hargest, and claiming the disputed strip of land should be registered in the Hofstads' names. The requested relief did not include damages arising out of the fraud.

In its order for judgment dated March 26, 1982, the trial court held Robert Hargest's acts in registering the property were imputed to respondents. The court found this constituted a constructive fraud upon appellants, requiring cancellation of the certificate of title held by respondents, insofar as the disputed fifteen foot strip was concerned.

In an order dated April 30, 1982, the trial court denied respondents' motion for amended findings and conclusions of law. The supreme court per order dated April 27, 1983, affirmed the trial court.

Subsequently, appellants sought declaratory relief to construe and enforce the original judgment. They also sought to compel preparation of an amended examiner's report to complete registration, and they alleged a newly discovered overlapping boundary description. Applying res judicata and collateral estoppel, the trial court found for appellants, and awarded appellants attorney fees.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

On appeal this court held res judicata and collateral estoppel were properly applied to all aspects of the boundary dispute except the newly raised boundary overlap. Because we found the boundary overlap issue was raised in good faith, we reversed the award of attorney fees. *Application of Hofstad,* 376 N.W.2d 698 (Minn.Ct.App. 1985).

On June 19, 1986, appellants commenced this action for punitive damages, attorney fees, and expenses in registration proceedings to correct and eliminate the results of the fraud. Respondents moved for judgment on the pleadings or summary judgment on the basis of res judicata. The trial court granted the motion and dismissed the complaint, but awarded no attorney fees. The Hofstads appeal.

## ISSUES

1. Did the trial court err by holding a judgment in a Torrens title registration proceeding, where fraud was an issue, could, under the doctrine of res judicata, bar appellants' subsequent action for damages arising out of the fraud?

2. Were appellants collaterally estopped from asserting fraud as a basis for punitive damages?

## ANALYSIS

■ Here, the trial court ordered judgment on the pleadings. The trial court stated in its order, however, that it was provided with the file, briefs, records and some oral argument, indicating more than just the pleadings were considered. This court will review the judgment as summary judgment, not as a judgment on the pleadings. *See McAllister v. Independent School District No. 306,* 276 Minn. 549, 551, 149 N.W.2d 81, 83 (1967) (motion could not be considered motion for judgment on the pleadings, and had to be treated as motion for summary judgment, where matters outside pleadings were presented to and considered by trial court).

Summary judgment is appropriate when there are no genuine issues of material fact, and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56;

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The moving party has the burden of proof. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

## I.

*Compensatory damages*

Appellants contend it is undisputed that they were defrauded, that they did not seek damages for fraud in the previous trial, and that the bar of their action by res judicata was, therefore, improper.

Minnesota law recognizes two aspects of the doctrine of res judicata: (1) merger or bar, and (2) collateral estoppel. *See Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn.1978) The first, also known as estoppel by judgment, serves as an absolute bar to a subsequent suit on the same cause of action both as to matters actually litigated and as to other claims or defenses that might have been litigated. *Howe v. Nelson,* 271 Minn. 296, 301, 135 N.W.2d 687, 691 (1965).

*Roseberg v. Steen,* 363 N.W.2d 102, 105 (Minn.Ct.App.1985).

■ The phrase, "every matter which might have been properly litigated," includes every element of the cause of action. *Melady-Briggs Cattle Corp. v. Drovers State Bank,* 213 Minn. 304, 309, 6 N.W.2d 454, 457 (1942).

It bars "new grounds for relief" upon the same cause of action which were not presented in the first case.

*Id.* (citation omitted). A former judgment is a bar in a subsequent action if the same evidence will sustain both actions. *Id.*

■ Appellants claim they have never asserted a cause of action for damages in any previous litigation. A cause of action is:

[A] situation or state of facts which would entitle party to sustain action and give him right to seek a judicial remedy in his behalf. *Thompson v. Zurich Ins. Co.,* D.C.Minn. [ (1970) ], 309 F.Supp. 1178, 1181.

*Black's Law Dictionary* 201 (5th ed. 1979). A claim for damages is a claim for relief,

not an assertion of a different cause of action.

■ Appellants were the ones to first raise the issue of res judicata in this action. In their 1986 complaint, they invoked the doctrine of res judicata, claiming the fraud issue had already been adjudicated against respondents. The complaint states:

That on March 30, 1982 the Court filed its Findings of Fact, Conclusions of Law and Order for Judgment declaring the Robert Hargest registration proceeding to be a nullity, adjudicating that proceeding was based on fraud * * *; that such findings and adjudication are binding upon the Defendants herein under the principles of *res judicata.*

Appellants now claim res judicata is inapplicable to their claim for damages, because the trial court in a Torrens title registration proceeding would have had no jurisdiction to award damages in a fraud action. They contend the claim for damages should therefore not be barred.

Appellants cite Minn.Stat. § 508.10 (1980), which states in pertinent part:

The district court shall have original exclusive jurisdiction thereof, and of all proceedings thereunder, and full power to inquire into the title of the land, and any right, title, interest, or estate therein, and any lien, charge, or encumbrance thereon. By its decree, the court shall adjudge and determine the title to the land, the nature, character, extent, and amount of all liens and encumbrances thereon, the priority as between the same, and remove all clouds from the title. The district court shall have full power and authority to make all necessary orders, judgments, and decrees * * *.

The statute does not expressly preclude the trial court's award of costs and fees incurred in attempting to set straight the issue of title.

Appellants originally sought relief under Minn.Stat. § 508.71, subd. 2 (1980). The statute provides that, in subsequent Torrens proceedings, the court

may hear and determine the petition after notice to all parties in interest, and may order the entry of a new certificate, the entry or cancellation of a memorial upon a certificate, or grant any other relief upon such terms, requiring security if necessary, as it may consider proper * * *.

Moreover, Minn.Stat. § 508.70 (1980) provides for an award of "costs and damages, including a reasonable attorney's fee, as [the court] may deem just" in cases of subsequent adverse claims to registered property. We find nothing that precluded appellants from asserting their claim for costs and fees arising out of the alleged fraud at the time they first raised the fraud issue. We hold, therefore, that the trial court properly found a subsequent claim for these damages is barred under the doctrine of res judicata.

## II.

*Punitive damages*

Respondents contend that, because the trial court made a finding of constructive fraud, not actual fraud, appellants are collaterally estopped from asserting the malice that must be proven to support a claim for punitive damages.

Constructive fraud is, by definition, not actual fraud but conduct that the law treats as fraud, irrespective of the actor's intent or motive. "Constructive fraud reposes exclusively in the context of fiduciary obligations and is simply a characterization of a breach of such a duty."

*Perl v. St. Paul Fire & Marine Insurance Co.*, 345 N.W.2d 209, 213 (Minn.1984) (citation omitted).

In order to be awarded punitive damages, appellants must show with "clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others." Minn.Stat. § 549.20, subd. 1 (1986); *McGuire v. C. & L. Restaurant, Inc.*, 346 N.W.2d 605, 615 (Minn.1984).

■ Here, appellants originally pleaded fraud. The trial court, however, found only constructive fraud on the part of respondents, and that only by imputing their

son Robert's misrepresentations to them. The finding of just constructive fraud is binding on appellants under collateral estoppel.

## DECISION

The trial court did not err by holding appellants' claim for attorney fees and costs is barred under doctrine of res judicata. Appellants are collaterally estopped from asserting actual fraud, where trial court has found only constructive fraud.

Affirmed.