Carol H. SUNDBERG, et al.,
Respondents,

v.

Charles M. ABBOTT, et al., Leonard F.
Lampert, Appellants,

David C. Donnelly, et al., Defendants,

Lampert Lumber Company, Appellant.

No. C8–87–2084.

Court of Appeals of Minnesota.

May 3, 1988.

Review Denied June 29, 1988.

 

James H. Kaster, Nichols, Kaster & Anderson, Minneapolis, for Carol Sundberg.

Merlyn C. Green, Maun, Green, Hayes, Simon, Johanneson and Brehl, St. Paul, for Charles Abbott.

Charles W. Faulkner, Faulkner & Faulkner, Minneapolis, for Leonard Lampert.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for Lampert Lumber Co.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Respondents brought suit seeking damages for themselves and for the corporation in which they are minority shareholders alleging breach of fiduciary duty, fraud and corporate waste. Appellants moved for summary judgment, arguing the decision in *Sundberg v. Lampert Lumber Co.*, 390 N.W.2d 352 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 22, 1986) (*Sundberg I*) makes this matter res judicata. The trial court denied appellants' motion, ruling that respondents had merely misconceived their remedy in the first action and thus were not barred from bringing the present suit. The trial court then certified the following question as important and doubtful:

> Does the decision of the Court of Appeals [in *Sundberg I*] constitute a judgment on the merits and bar all or part of the present action under the principles of res judicata?

We answer the certified question in the affirmative and reverse.

## FACTS

Respondents, known as the "Hutch Shareholder Group," own ten percent of the outstanding stock of Lampert Lumber Company. In 1983, they brought an action seeking a forced redemption of their shares of the company. In that action, respondents alleged that Lampert's directors had been redeeming shares for members of the control group without making the same offer of redemption to the members of the Hutch Shareholder Group. (A more detailed account of the history of this case is set forth at 390 N.W.2d 354-55.) The trial court found in favor of respondents and ordered appellants to redeem the shares of the Hutch Shareholder Group. This court reversed the trial court in *Sundberg I.*

On February 18, 1987, respondents filed the present action seeking an "available remedy" other than forced redemption. The allegations of the present action largely parallel those made in the 1983 action. The primary difference between the claims is the addition of an allegation that John R. Lampert fraudulently denied that there had been redemptions of Lampert stock in 1979.

The trial court, in the present action, found that the decision in *Sundberg I* was not a decision on the merits and therefore the doctrine of res judicata was inapplicable. In reaching its decision, the trial court relied on *Ross v. Amiret Farmers' Elevator Co.*, 178 Minn. 93, 226 N.W. 417 (1929), wherein the court stated:

> If plaintiff misconceived his remedy and is defeated on that ground, it is not an adjudication on the merits and he is not barred [from bringing a new action].

178 Minn. at 96-97, 226 N.W. at 419.

In applying the ruling of *Ross* to the facts of this matter, the trial court stated:

> "[I]t is clear that [respondents] misconceived their remedy and were defeated solely on that ground. *Sundberg I,* therefore, did not result in a judgment on the merits."

The court denied appellants' motion for summary judgment.

## ISSUES

1. Was the decision in *Sundberg I* based on respondents' lack of standing?

2. Is the present action barred by the doctrine of res judicata?

## ANALYSIS

### I.

■ The trial court in *Sundberg I* set forth three separate bases upon which it granted to respondents the relief they requested:

(1) Minn.Stat. 302A.751, subd. 2 (1984) authorizes use by the court of the remedy of a mandatory buy-out when the directors of a corporation act in a manner 'unfairly prejudicial toward one or more shareholders'; (2) Under the equal opportunity rule first enunciated in *Donahue v. Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 328 N.E.2d 505 (1975), the majority shareholders in a close corporation owe a fiduciary duty to the minority which requires that if the corporation purchases the stock of a member of the controlling shareholder group, it must offer all other shareholders an equal opportunity to sell their stock on the same terms; and (3) Lampert's Board violated the standard of conduct set forth in Minn.Stat. § 302A.251 (1984) by redeeming Bergen's stock without adequate consideration given for the consequences of its decision to the corporation or its shareholders.

390 N.W.2d at 355–56.

In reversing the trial court in *Sundberg I*, this court held (1) the equitable remedy of buyout set forth in Minn.Stat. § 302A.751, subd. 2 is available only where the corporation involved is a "closely held" corporation; (2) the equal opportunity rule of *Donahue* also applies only to closely held corporations; (3) appellants were not liable to respondents for violating Minn. Stat. § 302A.251 because respondents did not argue and the court did not find that the directors' decision to purchase stock harmed the corporation in any way.

Respondents argue on appeal here that *Sundberg I* merely held that respondents

lacked standing to sue for forced redemption of shares under Minn.Stat. § 302A.751, subd. 1(b)(2) (1984) and therefore the doctrine of res judicata does not apply. We note initially our agreement with respondents' contention that res judicata will not be applicable if in fact the decision in *Sundberg I* was based on lack of standing. We therefore must address the concept of "standing."

■ "Standing has been called one of 'the most amorphous [concepts] in the entire domain of public law.'" *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968) (quoting Hearings on S. 2097 before the Subcommittee on Constitutional Rights of the Senate Judiciary Committee, 89th Cong., 2d Sess., 465, 498 (1966); statement of Prof. Paul A. Freund). The concept of standing is filled with "complexities and uncertainties." *Flast*, 392 U.S. at 99, 88 S.Ct. at 1952. However, "[t]he fundamental aspect of standing is that it *focuses on the party* seeking to get his complaint before a * * * court and *not on the issues* he wishes to have adjudicated." *Id.* (emphasis added). The essential question is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

This court in *Sundberg I* did not address whether respondents were the proper parties to bring suit. It did not address whether respondents were in the proper forum. It did not address issues of procedure to which the doctrine of res judicata would be inapplicable. Instead, the first two issues addressed in *Sundberg I* dealt with whether or not Lampert Lumber was a closely held corporation. This court focused on the nature of the company, not on the nature of the parties. The third issue addressed by the *Sundberg I* court dealt with whether or not there had been a violation of Minn.Stat. § 302A.251. All three issues specifically addressed the question of whether respondents were entitled to the relief which they sought. The *Sundberg I* court made no determination that

respondents were not entitled to have the court decide the merits of the dispute.

Respondents cite several cases in support of their contention that this case should not be barred by the doctrine of res judicata. In *McCarney v. Ford Motor Co.,* 657 F.2d 230 (8th Cir.1981), plaintiff initially brought suit under 15 U.S.C. § 1221 *et seq.,* known as the Automobile Dealer's Day in Court Act. The first suit was dismissed "on the ground that McCarney, *as an individual,* lacked *standing* under the Dealer's Day in Court Act." 657 F.2d at 231 (emphasis added). McCarney filed a second suit in which he alleged anti-trust violations, wrongful termination of contract, violation of fiduciary duty, and wrongful interference with an employment contract. The defendants challenged the second suit, arguing the applicability of the doctrine of res judicata. The court held that because the first dismissal was based on plaintiff's standing, the doctrine of res judicata did not apply. Unlike this case, it is clear that the dismissal in the first action in *McCarney* focused on the *individual's right* to bring suit under 15 U.S.C. § 1221. There is no question but that the respondents in this action, as minority shareholders, had a right to bring suit under Minn.Stat. § 302A.751. Having that right, they failed to prevail in arguing that they were entitled to the equitable relief of mandatory buyout. Simply because they did not succeed in the first action does not mean respondents failed because they lacked standing.

In *Warren Co. v. Neel,* 284 F.Supp. 203 (W.D.Ark.1968), plaintiff initially brought suit in an Arkansas Chancery Court seeking restitution under a sales contract. The court found that because plaintiff was a Georgia corporation and none of the alleged transactions were interstate in nature, plaintiff's claims were "unenforceable in the Courts of the State of Arkansas * * * and should be dismissed." *Id.* at 206. When plaintiff subsequently filed suit in federal court, the court rejected defendant's claims of res judicata stating:

> The Chancery Court specifically found that [plaintiff] was not authorized to maintain the suit on the written instruments or upon the contracts evidenced by the written instruments, and further found that there was no evidence showing that the transactions between [plaintiff] and [defendant] were interstate in nature, and therefore the claim was dismissed in accordance with the [statute].

284 F.Supp. at 210–11. Unlike the present case, the first action in *Warren* was dismissed on a procedural issue, i.e., the plaintiffs did not have the right to bring suit in Arkansas state court. Here, there is no question but that respondents were entitled to bring suit in a Minnesota district court. Therefore, the decision in *Warren* is distinguishable.

We find a common thread which ties all plaintiffs in the cases cited by respondents. Those plaintiffs, as individuals, were not entitled to bring the action in the first instance. Such is not the case here. Respondents were able to argue their case fully in the trial court and in this court on appeal. The failure of respondents to prevail in *Sundberg I* was based on a failure of proof, not because they lacked standing to bring suit.

We conclude that *Sundberg I* was a decision on the merits.

## II.

We next address the question of whether the present action is barred by the doctrine of res judicata. The Minnesota Supreme Court has observed that "the statement of the principle [of res judicata] has remained unchanged since before the turn of the century." *Mattsen v. Packman,* 358 N.W. 2d 48, 49 (Minn.1984).

> A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, *but also as to every matter which might have been litigated therein.*

*Id.* (emphasis added).

The joinder of all claims in a single action is clearly favored in Minnesota. A plaintiff must attempt to have all claims against a defendant arising out of one

transaction adjudicated in one court in one proceeding, at least insofar as possible, despite the fact that the various claims may be based on different sources of law. *Anderson v. Werner Continental, Inc.,* 363 N.W.2d 332, 334 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 24, 1985) (quoting *Rennie v. Freeway Transport,* 294 Or. 319, 656 P.2d 919 (1982)). When a given state of facts is susceptible of alternative interpretations and analysis, plaintiff *must* seek and exhaust all alternative grounds or theories for recovery in one action. *Anderson,* 363 N.W.2d at 334.

■ We believe that to the extent the trial court relied on *Ross v. Amiret Farmers' Elevator Co.* in denying appellants' motion for summary judgment, that reliance is misplaced. The rule that a plaintiff who misconceives his remedy and is defeated on that ground is not barred from bringing a new action applies only where the plaintiff bases his claim in the second suit upon a claim which is so inconsistent with that set forth in the first action that both claims could not have been brought in the same action. *See Harris v. Witworth,* 213 Ark. 480, 211 S.W.2d 101 (1948). Modern rules of pleading allow for inconsistent claims to be pleaded in one complaint. Therefore, there is no reason why the claim upon which this action is based could not have been pleaded in the first action. Further, respondents could have moved to amend their pleadings during or after the first trial to conform to the evidence offered. They did not. On appeal in *Sundberg I* respondents could have requested appropriate relief in the event of a reversal. They did not. We believe respondents had a full and fair opportunity to litigate all their claims in the first instance. Their failure to succeed does not entitle them to a second chance.

Respondents argue that even if *Sundberg I* was a decision on the merits to which res judicata would apply, their fraud claim against John R. Lampert individually should survive. We cannot agree.

■ "Minnesota law recognizes two aspects of the doctrine of res judicata: (1) merger or bar, and (2) collateral estoppel." *Hofstad v. Hargest,* 412 N.W.2d 5, 7 (Minn.

Ct.App.1987) (citations omitted). Merger or bar, also known as estoppel by judgment, is an absolute bar to a second suit for the same cause of action, and is conclusive between parties and their privies, both as to matters actually litigated and as to matters which might have been litigated therein. *Mattsen,* 358 N.W.2d at 49. Matters which might have been litigated include every element of the cause of action. *Melady–Briggs Cattle Corp. v. Drovers State Bank,* 213 Minn. 304, 309, 6 N.W.2d 454, 457 (1942); *Hofstad v. Hargest,* 412 N.W.2d at 7. A cause of action is a situation or a state of facts which entitles a party to sustain an action and gives him the right to seek a judicial remedy. *Hofstad,* 412 N.W.2d at 7.

■ The fraud claim was stated as follows:

Immediately following the Company shareholder meeting of February 19, 1980, William Hutch asked John R. Lampert if any redemptions of Company stock were made in the prior year. John Lampert responded, stating that there were none other than minor buy-outs of some former employees' stock options.

We believe the claim of fraud which respondents seek to preserve arises from the same cause of action as did *Sundberg I* and is therefore also subject to the doctrine of res judicata. Respondents' claim of fraud is intricately connected with the original claim for mandatory buyout, the basis for which was that appellants had been improperly redeeming the stock of majority shareholders. The basis of the fraud claim is that, when asked about whether the Board of Directors had been improperly redeeming stock, John R. Lampert fraudulently denied such redemptions took place. The same evidence needed to sustain the first action would also be the basis of the action respondents seek to preserve.

Any nominal variances between the action determined in *Sundberg I* and that against John R. Lampert individually are insufficient to exempt this latter matter from application of the doctrine of res judicata. It is evident that respondents themselves recognize the intricate connection between the fraud claim and the other portions of this action. In their prayer for

relief, respondents seek judgment against all appellants but do not seek specific relief against John R. Lampert individually. Specific relief could have been sought against John R. Lampert in the first action, just as respondents' present claims could have been brought at that time. The fraud action against John R. Lampert is barred by the doctrine of res judicata.[1]

### DECISION

The decision in *Sundberg I* was a decision on the merits. All claims brought by respondents in this action arise out of the same cause of action as that determined in *Sundberg I* and could have been presented there. The doctrine of res judicata applies to all issues presented on appeal.

Certified question answered in the affirmative. Reversed and remanded for entry of summary judgment in favor of appellants on all issues.

---

1. Respondents, relying on a recent decision of the Minnesota Supreme Court, argue this appeal should be dismissed because it would not dispose of all claims raised in the trial court. In *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176 (Minn. 1988), the supreme court held that where a motion for summary judgment "seeks disposition of less than an entire action, * * * appeal must ordinarily await the entry of a judgment which adjudicates all remaining claims and the rights and liabilities of all remaining parties." *Id.* at 179. The court further stated:

> If [a motion for summary judgment] is denied, certification of the question does not convert the order into an order appealable pursuant to Rule 103.03(h), Minn.R.Civ. App.P., but only frustrates the policy of the rule: appeal would delay the trial, but reversal would not obviate it.

*Id.* Inasmuch as we hold that all claims set forth by respondents are barred by the doctrine of res judicata, and summary judgment would have disposed of all claims against all parties, we conclude that *Emme* does not prevent us from reaching the issues in this appeal.