James E. SLOPER, Appellant,

v.

Dr. Gordon R. DODGE, et al.,
Respondents.

No. C3–88–656.

Court of Appeals of Minnesota.

July 19, 1988.

Alf E. Sivertson, St. Paul, for appellant.

Bruce Candlin, Bloomington, for respondents.

Heard, considered, and decided by FORSBERG, P.J., and LANSING and SCHULTZ,* JJ.

## OPINION

LANSING, Judge.

James Sloper appeals the trial court's dismissal of his negligence claim against Dr. Gordon Dodge.

### FACTS

After pleading guilty to fifth degree assault, James Sloper received a suspended sentence conditioned in part on his completion of Dr. Dodge's group therapy program for assaultive men. The written statement of the terms of suspended sentence provided: "W/I 6 MONTHS DEF TO APPLY FOR TREATMENT THROUGH DR. Dodds—DEF TO PAY FOR TREATMENT. IF DEF FAILS TO DO THIS—HE IS TO RETURN TO COURT—" Sloper completed the program in June 1984, but his probation officer was not notified. Dr. Dodge's affidavit states that he was ordered to, and did, provide therapy to Sloper, but the probation officer did not contact him to determine if Sloper had completed the program.

Not having been contacted by either Sloper or Dodge, the probation officer issued a probation violation report based on Sloper's failure to complete the program. A trial judge issued a warrant for Sloper's arrest, and Sloper was arrested pursuant to the warrant. Three days later Dodge notified the probation officer that Sloper had completed the program.

Sloper brought this negligence action against both Dodge and the probation officer for damages caused by his arrest. The trial court dismissed both claims on

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

grounds of immunity, and Sloper appeals the dismissal of the claim against Dodge.

## ISSUE

Did the trial court err in dismissing Sloper's negligence claim against Dodge on the ground of immunity?

## ANALYSIS

 Judicial immunity precludes judges from being held liable for "acts done in the exercise of judicial authority." *Linder v. Foster*, 209 Minn. 43, 45, 295 N.W. 299, 300 (1940); *see also Restatement (Second) of Torts* § 895D(2) (1979). Because judicial immunity is intended to protect the judicial process, it also extends to persons who are integral parts of that process, including prosecutors, counsel, and witnesses. *Briscoe v. LaHue*, 460 U.S. 325, 334–35, 103 S.Ct. 1108, 1115–16, 75 L.Ed.2d 96 (1983). This "quasi-judicial" immunity has been extended to court-appointed psychiatrists and physicians who prepare and submit medical evaluations relating to judicial proceedings. *See Linder* 209 Minn. at 48, 295 N.W. at 301, and *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir.1959) (commitment proceedings); *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir.1987), and *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir.1970) (criminal proceedings in which sanity is at issue); *In re Scott County Master Docket*, 618 F.Supp. 1534, 1575 (D.Minn.1985) (evaluation of children in child abuse proceedings).

 In this case, the trial court erred in relying on *Linder* to conclude that Dodge was a quasi-judicial officer and therefore entitled to immunity for discretionary duties. The only evidence in the record that Dodge was court-appointed is his affidavit that he was "ordered by the court to provide therapy" to Sloper. That affidavit is contradicted by the written terms of suspended sentence, which state specifically that Sloper was to apply, pay for, and complete therapy. There was no evidence that Dodge appeared at Sloper's sentencing or received a written order, and the trial court recognized that Dodge was only "indirectly appointed." This record, if not conclusive against court appointment, at least raises a fact issue which should have been resolved in favor of Sloper as the nonmoving party.

 The trial court also relied on the absence of a court order directing notification of completion to conclude that Dodge owed *no* duty, either discretionary or ministerial, and was therefore entitled to immunity. However, the relevant inquiry is whether court-ordered rehabilitative therapy is a sufficiently integral part of the judicial process, *Briscoe*, 460 U.S. at 335, 103 S.Ct. at 1115, to warrant judicial immunity for the therapist. Even if the discretionary immunity analysis applied, the discretionary/ministerial duty distinction goes to the planning or operational nature of the activity. *See Larson v. Independent School District No. 314, Braham*, 289 N.W.2d 112, 120 (Minn.1979). Whether any duty exists is a negligence issue, and state officials who commit torts outside the scope of their employment are liable like anyone else. *See Restatement (Second) of Torts* § 895D(1).

Because Dodge's motion for summary judgment was based only on immunity grounds, we do not consider whether Dodge owed Sloper a duty of care, and whether that duty encompassed notification of completion.

## DECISION

Reversed.