HUDSON, Justice (concurring).
I agree with the court's plain-language analysis and the conclusion that the conditional-release term imposed by Minn. Stat. § 169A.276, subd. 1(d) (2018), begins when a participant in the Challenge Incarceration Program begins living in the community. Based on this conclusion, I also agree that this case must be remanded to the court of appeals to address the remaining issues in this appeal.
I write separately, however, to explain my concern with section I of the court's opinion, which concludes that the court of appeals did not err when it sua sponte interpreted the language of Minn. Stat. § 169A.276, subd. 1(d). In my view, the court of appeals' analysis violated the principle of party presentation. Under this important principle, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.
"A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." Thiele v. Stich , 425 N.W.2d 580, 582 (Minn. 1988) (citation omitted) (internal quotation marks omitted). The court concludes that the statutory-interpretation issue was impliedly presented, and considered and disposed of by the district court simply because Heilman's complaint alleged that his conditional-release period expired in July 2013. But the complaint never even cites the statute; its entire focus is on Heilman's false-imprisonment and negligence claims. Nor did the State argue to the district court that Heilman was not "released from prison" when he entered Phase II. Like Heilman, the State focused solely on Heilman's common-law claims regarding false imprisonment and negligence, arguing that those claims were inappropriate methods of challenging the duration of Heilman's confinement. Thus, the district court never considered or decided whether Heilman was "released from prison" when he entered Phase II. Instead, the district court granted the State's motion to dismiss based (unsurprisingly) upon the common-law claims actually raised and argued by the parties. Because neither party "presented" (and the district court did not "consider") the issue of whether Heilman was released from prison when he entered Phase II, Thiele dictates that the court of appeals should not have considered that issue.
The court suggests that, even if I am correct that Thiele generally precluded the court of appeals from addressing the meaning of "released from prison," this case nevertheless falls within the no-possible-advantage exception of our forfeiture jurisprudence. I recognize that an appellate court may base its decision on a theory that was not presented or considered by the district court "where the question raised for the first time on appeal is plainly *399 decisive of the entire controversy on its merits and where there is no possible advantage or disadvantage to either party in not having had a prior ruling on the question by the [district] court." Zip Sort, Inc. v. Comm'r of Revenue , 567 N.W.2d 34, 39 n.9 (Minn. 1997) (emphasis added). But in this case, the meaning of "released from prison" was not raised for the first time on appeal. Instead, it was never raised at all; it was decided sua sponte by the court of appeals without any party asking it to do so. As a result, Heilman was "disadvantaged," because he had no opportunity to argue in favor of his interpretation of the statute to the court of appeals. The parties' briefs to the court of appeals only addressed Heilman's common-law false-imprisonment and negligence claims, not the meaning of "released from prison." Neither party addressed whether Heilman's entry into Phase II was a "release from prison" under the statute, and consequently the court of appeals erred in reaching that issue. Reaffirming Thiele , we recently held in State v. Morse -a case closely mirroring the facts here-that a "reviewing court must generally consider only those issues that the record shows were presented and considered by the district court in deciding the issues before it." 878 N.W.2d 499, 502 (Minn. 2016) (citation omitted) (internal quotation marks omitted).
The court also suggests that Heilman's stipulation of when he began his supervised-release term alleviates any potential disadvantage. But that stipulation is immaterial to the advantage/disadvantage analysis. What disadvantaged Heilman was not that the court of appeals used a particular date as the start date of Heilman's supervised-release term, but rather that the court concluded, without any input from Heilman, that his supervised-release date and his conditional-release date were the same date. The stipulation that Heilman's supervised-release date was in December 2010 does not affect the prejudice to Heilman that resulted from this analysis.
Finally, the court of appeals justified its decision to sua sponte interpret the statute on the basis that it could " 'affirm the judgment if it can be sustained on any grounds.' " Heilman , 906 N.W.2d at 524 (quoting Myers ex rel. Myers v. Price , 463 N.W.2d 773, 775 (Minn. App. 1990), rev. denied (Minn. Feb. 4, 1991)). While that general rule is doubtless true, it is missing an important caveat: the "any grounds" in question must be grounds raised by one of the parties . See State v. Vang , 847 N.W.2d 248, 259 n.4 (Minn. 2014) ("Because appellant does not challenge the sufficiency of the evidence that appellant was in or had just exited a motor vehicle, we do not address that issue."); State v. Swaney , 787 N.W.2d 541, 551 n.4 (Minn. 2010) (noting that issue was not before the court because it was not raised by the parties); Johnson v. Dirkswager , 315 N.W.2d 215, 219 (Minn. 1982) (declining to base the court's decision on an issue not raised by appellants nor briefed).
Of course, appellate courts have the power to "take any ... action as the interest of justice may require." Minn. R. Civ. App. P. 103.04. And courts have the responsibility to "decide cases in accordance with law," which is "not to be diluted by counsel's failure to specify issues or to cite relevant authorities." State v. Vasko , 889 N.W.2d 551, 556 (Minn. 2017) (citation omitted) (internal quotation marks omitted). But addressing the statutory-interpretation issue here is neither in the interests of justice nor necessary to ensure that this case is decided in accordance with the law.
The interests of justice are not served when the appellate courts decide cases based on issues that were neither raised nor argued by the parties because in our *400 adversary system, "we follow the principle of party presentation." Greenlaw v. United States , 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008). Under this principle, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Id. If neither party wishes to raise an issue, justice is not served by the court reaching out to decide the issue without the benefit of adversarial briefing and argument. See State v. Hannuksela , 452 N.W.2d 668, 673 n.7 (Minn. 1990) (noting that it was the court's duty to decide cases in accordance with the law, but that, because neither party raised an issue, "[i]f the doctrine were either novel or questionable, it might be appropriate for the court to solicit additional briefs"). Having identified the statutory-interpretation issue on its own, the court of appeals could have requested supplemental briefing if the issue was novel or questionable. What it could not do, without violating the doctrine of party presentation, is decide the issue without the benefit of adversarial briefing and argument.
As this case exemplifies, the principle of party presentation is more than a prudential rule of convenience. Heilman persuasively argued, to our court, that he was denied due process and a right to be heard when the court of appeals decided this case based on an issue that was not subject to adversarial briefing and argument. The court properly declines to address this claim because Heilman conceded in this argument that any due-process violations have been remedied by his opportunity to brief the issue here, and therefore the court's consideration of the statutory-interpretation issue does not violate the principle of party representation. But to be clear, Heilman was afforded that opportunity only because we granted his petition for further review-a discretionary decision that we exercise sparingly. In the 2017-2018 term, we received 531 petitions for review and granted review in 81 cases-approximately 15 percent. These statistics underscore the importance of an adversarial system where appellate courts confine themselves to ruling on legal questions presented and argued by the parties before them.
Because Heilman was afforded the opportunity to brief the statutory-interpretation issue in our court and because under the unambiguous language of the statute Heilman was released from prison when he entered Phase II of the Challenge Incarceration Program, I agree with the result in this case, though I only join section II of the court's opinion.
DISSENT