Harvey BEUTZ, et al., Appellants,

v.

**A.O. SMITH HARVESTORE
PRODUCTS, INC.,
Respondent,**

**A.O. Smith Corp., et al., Defendants.**

No. CX–87–1132.

Court of Appeals of Minnesota.

Dec. 15, 1987.
Review Granted Feb. 24, 1988.

John Kallestad, Schneider & Kallestad, Willmar, for appellants.

Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for respondent.

Tammy L. Pust, Best & Flanagan, Minneapolis, for defendants.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Harvey and John Beutz appeal the dismissal of their suit against A.O. Smith Harvestore Products, Inc. on the basis of res judicata. We reverse.

## FACTS

A.O. Smith Harvestore Products, Inc. (AOSHPI) manufactures agricultural feed storage structures known as "Harvestores." In 1978 John and Harvey Beutz purchased a Harvestore from Minnesota Harvestore, Inc., at a cost of $24,500. The Beutzes' complaint alleges that "almost immediately" they began to experience problems with sick animals, diminished milk production and damaged reproductive function in the cows.

In August 1984, the Beutzes began their state court action. Their complaint set forth five theories of recovery: (1) negligent design, (2) fraudulent misrepresentation, (3) breach of implied and express warranties, (4) strict liability, and (5) willful sale of a defective product.

In January 1986 AOSHPI moved for summary judgment. In May 1986, the court dismissed all of the Beutzes' theories of recovery except common law fraud. The court found that economic losses arising out of a commercial transaction were not recoverable under tort theories of negligence and strict liability unless personal injury or damage to other property was involved. See Superwood Corp. v. Siempelkamp Corp., 311 N.W.2d 159, 162 (Minn.1981). The Beutzes' breach of contract and warranty claims were barred by the statute of limitations. See Minn.Stat. § 336.2–725 (1984). The Beutzes amended their complaint in September 1986 by dropping their claim for compensatory damages and adding a claim for rescission.

On August 23, 1985, the Beutzes and about seventy other named plaintiffs brought a suit in federal district court, alleging violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C.A. § 1962 (1984). The Beutzes did not plead any of their state claims and did not ask the federal court to take jurisdiction over the state claims.

AOSHPI did not file an answer in federal court but moved to dismiss the complaint on November 14, 1985. The federal court granted the motion to dismiss but gave the Beutzes the opportunity to amend their complaint. The Beutzes filed an amended complaint on December 20, 1985, alleging only RICO violations.

AOSHPI did not file an answer but moved to dismiss the amended complaint because the Beutzes' counsel failed to file a responsive memorandum in accordance with the local rules. The federal court ordered the case dismissed on February 11, 1986. On October 8, 1986, the Beutzes filed a Rule 60(b) motion asking relief from the February 11 order. The judge denied the motion on November 3, 1986, and the denial was appealed to the Eighth Circuit Court of Appeals which affirmed the denial.

On October 3, 1986, eight months after the federal court dismissed the RICO action, AOSHPI moved for summary judgment in the state court action, claiming the federal dismissal was res judicata as to the Beutzes' state claims. The motion was considered December 15, 1986, and the court granted AOSHPI's motion by order on May 5, 1987. The Beutzes filed a timely appeal to this court.

## ISSUES

1. Does the doctrine of res judicata bar further litigation of appellants' state court claim?

2. Did respondent waive the defense of res judicata?

3. Does equity require that this court disregard the doctrine of res judicata in this case?

### ANALYSIS

### I

■ A claim will be barred by res judicata if: (1) there has been a final judgment on the merits, (2) the same cause of action is involved, and (3) the parties are identical. *Minneapolis Auto Parts Co. v. Minneapolis*, 739 F.2d 408, 409 (8th Cir.1984) (applying Minnesota law). Neither party disputes that the state action and federal action involved the same parties. There remains the test of whether the cause of action was the same and whether there has been a final judgment on the merits. Assuming these two elements are proven, there still remains the question of whether the doctrine may justly be applied.

#### A. Same Claim

The test for determining whether identical claims are asserted in two lawsuits is the "same transaction" test. *Anderson v. Werner Continental, Inc.*, 363 N.W.2d 332, 335 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 24, 1985). The claims are the same if "the same operative nucleus of facts is alleged in support of the claims." *Id.*

After summary judgment on their negligence, products liability and warranty claims, the Beutzes were left with a fraud claim. Their federal RICO claim is also an action for fraud. The claims arise out of the purchase of a Harvestore from AOSH-PI. The Beutzes would have to prove the same facts to succeed under a RICO theory as they would to succeed under a common law fraud theory. *See Horn v. Ray E. Friedman & Company*, 776 F.2d 777, 782 (8th Cir.1985) (because plaintiff could not put forth a submissible case of fraud, there was insufficient evidence to send a RICO count to the jury).

#### B. Judgment on the Merits

The Beutzes' RICO claim was dismissed under Rule 41(b) because their attorney violated the local rules in failing to file a responsive memorandum.

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision * * * operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). It is clear that a Rule 41(b) dismissal operates as a judgment on the merits unless the court's order of dismissal specifies otherwise, or the dismissal is for lack of jurisdiction, improper venue or failure to join a party under Rule 19. At the hearing at which the case was dismissed, the following exchange took place:

> The Court: You're in default here because you didn't file a brief. And so, what I'm going to do is dismiss your lawsuit. And then *if you want relief from that, you have to file a motion* so we have the whole story.
>
> Do you understand what our situation is?
>
> [Attorney]: Sure.
>
> Will that be a dismissal without prejudice, then, Your Honor?
>
> The Court: *I'm just going to dismiss it.*
>
> \* \* \* \* \* \*
>
> So your lawsuit is dismissed on account of your failure to file a brief so we know what your position is and they know what your situation is. Your lawsuit is all through. If you want some relief from that, you've got to file a motion and make a showing.

(emphasis added). Although the court's written order did not specify "without prejudice" the above exchange clearly shows that the judge invited the Beutzes to move for relief from the dismissal.

■ The Beutzes did move to reinstate their summons and complaint in May 1986. In its opposition to this motion, AOSHPI stated:

> Plaintiffs must seek relief in their pending federal and state court actions and must forego the additional remedies available under the provisions of RICO.

By this language, AOSHPI anticipated the completion of the Beutzes' state court ac-

tion. The Beutzes decided not to pursue the RICO claims and withdrew their motion to reinstate. Thus, while the judgment is clearly on the merits within the language of the local federal rule, the dismissal was strictly on technical procedural grounds and did not address the merits of the case. This is especially emphasized by the language of the court in inviting a motion for relief and in the conduct of AOSHPI in suggesting the Beutzes could pursue their state court action.

## II

■ Even if AOSHPI could raise res judicata as an affirmative defense, it waived the defense by waiting too long before raising it. The federal district court ordered dismissal of the federal case on February 11, 1986. AOSHPI did not move for summary judgment in the state court on the basis of res judicata until October 1986. Res judicata is an affirmative defense and must be timely raised. Minn.R.Civ.P. 8.03. In this case, eight months passed between the federal dismissal and the motion for summary judgment. During this time not only did the Beutzes continue to move forward with their state court case but AOSHPI proceeded with affirmative action on its defenses. In order to assert the defense of res judicata, AOSHPI should have acted promptly.

## III

■ Going one step further, even if res judicata applied and was timely raised, justice demands that the Beutzes have their day in court.

The policy requiring that every party be given his "day in court" should not, of course, be defeated by an arbitrary application of the doctrine of res judicata. *Gollner v. Cram*, 258 Minn. 8, 13, 102 N.W.2d 521, 525 (1960). The Eighth Circuit affirmed the denial of the Beutzes' motion for relief in their federal action under Fed. R.Civ.P. 60(b). In doing so, the court indicated that the "res judicata effect of the dismissal was a matter for the state court to consider." The circuit court added: "While the court sympathizes with the ap-

pellants' current position, the record of the proceeding in the trial court is clear as to the reason for dismissal." *Albjerg v. A.O. Smith Harvestore Products*, No. 86-5466 slip op. at 4 (8th Cir. Sept. 1, 1987).

We do not labor under the same constraints as the federal court. While clearly recognizing that res judicata will bar further action on RICO claims in federal court, we are not bound to apply the doctrine in the state court common law fraud action and we decline to do so. The case was dismissed in federal court for procedural errors after the state action was commenced. The merits of the fraud issue should be litigated. In addition, AOSHPI has alleged no additional prejudice if the state court action continues following the federal dismissal.

## DECISION

We decline in this case to apply the doctrine of res judicata and deprive appellants of their opportunity to litigate their claims on the merits.

Reversed.