418 N.W.2d 196 (1988)
Daniel FAIRCHILD, Appellant,
v.
A.O. SMITH HARVESTORE PRODUCTS, INC., A.O. Smith Corporation, Hawke & Company Harvestore, Inc., Flygt Corporation, Respondents.
Nos. C1-87-1245, C3-87-1246.
Court of Appeals of Minnesota.
January 26, 1988.
Review Granted February 24, 1988 and March 21, 1988.
*197 John L. Kallestad, Schneider & Kallestad, Willmar, for Daniel Fairchild.
Thomas A. Harder, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, P.A., Fairmont, Frederick W. Morris, Best & Flanagan, Minneapolis, for A.O. Smith Harvestore Products, Inc.
Gary W. Hoch, Susan A. Miller, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Frederick W. Morris, Best & Flanagan, Minneapolis, for A.O. Smith Corp.
James H. Malecki, Sally Stolen Grossman, Gislason, Dosland, Hunter & Malecki, New Ulm, for Hawke & Co. Harvestore, Inc.
James A. O'Neal, Faegre & Benson, Bloomington, for Flygt Corp.
Heard, considered and decided by PARKER, P.J., and FOLEY and WOZNIAK, JJ.

MEMORANDUM OPINION
FOLEY, Judge.
This is an appeal from the trial court's order dismissing these actions on res judicata grounds as a result of the dismissal of appellant Daniel Fairchild's federal court action for failure to comply with procedural rules. We reverse.

FACTS
Fairchild operates a cattle and crop farm near Canby, Minnesota. In 1981, Fairchild purchased from respondent Hawke & Company Harvestore, Inc. (Hawke) a complex piece of agricultural equipment known as a "Slurrystore". A Slurrystore is designed to store animal manure in a liquid form and convert it to fertilizer. Respondents A.O. Smith Corporation (AOS) and A.O. Smith Harvestore Products, Inc. (AOSHPI) designed and manufactured the Slurrystore. Respondent Flygt Corporation (Flygt) provided Fairchild with component parts. Fairchild alleges despite his repeated efforts, the Slurrystore has never operated properly.
Between 1969 and 1978, Fairchild purchased a total of four Harvestore silos. The silos were manufactured and designed by AOS and AOSHPI and sold to Fairchild by Hawke. Flygt was not in any way involved in the design, manufacture or sale of the Harvestore silos. As a result of his dissatisfaction with the Slurrystore and the Harvestore silos, Fairchild commenced separate state court actions against the AOSHPI, AOS, Hawke and Flygt.
In 1985, Fairchild and approximately 70 other named plaintiffs who have purchased Harvestore silos brought an action in federal district court, alleging violations of the Racketeering Influenced & Corrupt Organization Act (RICO), 18 U.S.C. § 1962 (1984). The federal action only involved the Harvestore silos, not the Slurrystore. Fairchild did not plead any of the state claims already pending in state court, nor did he ask the federal court to take pendent jurisdiction over the state claims.
On November 14, 1985, the federal court granted defendants' motion to dismiss the federal action but granted plaintiffs the opportunity to amend their complaint to allege only a RICO claim. The amended complaint, filed on December 20, 1985, did not include Hawke.
Respondents again moved to dismiss the amended complaint. The hearing was set for February 10, 1986. Fairchild's attorney attended the hearing, but failed to file a written memorandum nine days prior to the hearing as required by the local rules. The federal court dismissed the action, stating "your lawsuit is dismissed on account of your failure to file a brief * * *. Your lawsuit is all through." The federal court dismissal involves all the other named plaintiffs who had filed an action in both state and federal court. Hawke was not named as a party to the February 11, 1986, order of dismissal.
On October 8, 1986, plaintiffs brought a Rule 60(b) motion before the federal court, requesting relief from its February 11, 1986, order. The plaintiffs requested the federal court to specify its procedural dismissal of the federal RICO action was not an adjudication on the merits and, therefore, had no res judicata effect on their *198 state court claims. The federal court denied plaintiffs' Rule 60(b) motion, stating:
The motion is apparently occasioned by a res judicata dismissal motion made by defendant A.O. Smith Harvestore Products, Inc. in a State Court action brought by Harvey and John Beutz, B-e-u-t-z, in which the exact nature of the February 11, 1986 dismissal is in issue.
Even if the Rule 60(b) motion here were timely, which it is not, I can see no reason to enter the State Court fray on the issue. The record here is clear, as clear as crystal, as to the reason for the dismissal.
On appeal of the denial of the Rule 60(b) motion, the Eighth Circuit Court of Appeals affirmed but stated:
The preclusive effect to be given in the State courts to such a ruling is simply not within the power of the Federal courts to determine.
Albjerg v. A.O. Smith Harvestore, 831 F.2d 301 (8th Cir.1987).
In February 1987, a year after the federal court had dismissed the Harvestore RICO action on procedural grounds, AOSHPI, AOS, Hawke and Flygt moved for summary judgment on the state court action, arguing the February 11, 1986, federal court order was res judicata as to the state court claims. They did not move to dismiss the Slurrystore action, just the Harvestore action. The state court granted summary judgment but did not issue individual orders for the Harvestore and the Slurrystore actions.
Fairchild brought a motion requesting clarification of the order granting summary judgment with respect to the Slurrystore action. Fairchild claims the purpose of its motion was to inform the trial court that the Harvestore action and Slurrystore action were separate and to suggest that the trial court had inadvertently applied res judicata to the Slurrystore action without a full understanding of the facts. The state court denied Fairchild's motion for clarification, stating:
The request for clarification concerns the application of the May Order and judgment to the Slurrystore suit and the Flygt suit. The Court believes that the res judicata effect of the federal action applies to the Slurrystore and Flygt suits in the same way it applied to the other defendants.

ISSUES
1. Does the doctrine of res judicata bar further litigation of Fairchild's state court claims?
2. Did AOSHPI, AOS, Hawke and Flygt waive the defense of res judicata?
3. Does equity require this case to disregard the doctrine of res judicata?

ANALYSIS
Our recent decision in Beutz v. A.O. Smith Harvestore Products, Inc., 416 N.W.2d 482 (Minn.Ct.App.1987), is a case almost identical to this one. In fact, Beutz was one of the 70 named plaintiffs who brought suit in federal district court. We find the decision in Beutz controls the disposition of this case, and therefore decline to apply the doctrine of res judicata.

DECISION
Reversed.