Harvey BEUTZ, et al., Respondents

v.

A.O. SMITH HARVESTORE PROD-
UCTS, INC., and A.O. Smith Corpora-
tion, Hawke & Company Harvestore,
Inc., Flygt Corporation, petitioners, Ap-
pellants.

Nos. CX–87–1132, C1–87–1245
and C3–87–1246.

Supreme Court of Minnesota.

Nov. 4, 1988.

Fred Morris, Minneapolis, and Michael J. Ford, St. Cloud, Thomas Harder, Fairmont, for A.O. Smith Harvestore Products.

Gary W. Hoch, Susan Miller, Minneapolis, for A.O. Smith Corp.

James Malecki, Mark S. Ulkey, New Ulm, for Hawke & Co.

James A. O'Neal, Bloomington, for Flygt Corp.

John Kallestad, Willmar and Thomas K. Berg, Minneapolis, for Harvey Beutz.

Louis M. Larson, Minnesota Harvestore, Inc., Waconia, pro se.

WAHL, Justice.

. These consolidated cases by plaintiff farmers against the manufacturers and sellers of agricultural equipment raise the question whether a federal court's dismissal of plaintiffs' claims under the Racketeering Influenced and Corrupt Organizations Act (RICO) operates as a res judicata bar to litigation of plaintiffs' state law claims in state court. Trial courts of two state judicial districts found state law claims so barred. The Minnesota Court of Appeals reversed. We affirm that result.

I

Plaintiffs Harvey and John Beutz and Daniel Fairchild purchased Harvestore silos designed and manufactured by defendants A.O. Smith (Smith) and A.O. Smith Harvestore Products, Inc. (AOSHPI). The Beutzes contracted in October, 1978, for the silo, related equipment and installation at a cost of $24,500. Fairchild contracted with Hawke and Company Harvestore, Inc. (Hawke), the local Harvestore dealer, in August, 1978, for a silo at a cost of $17,-000. Defendants had advertised the Harvestore silos as providing highly nutritional livestock feed that would produce better meat and dairy products with less labor and feed costs.

Plaintiffs soon found that feed stored in their Harvestore silos became moldy. Cattle eating that feed became sick and experienced decreased milk production, damaged reproductive function and decreased weight gain. The Beutzes filed suit in Stearns County District Court on July 25, 1984. Fairchild filed suit May 23, 1984 in Lyons County District Court.

Plaintiff Fairchild also filed a second suit May 29, 1984, in connection with a different piece of farm equipment, a manure processor called a Slurrystore. He had contracted in August 1981 for the installation of the Slurrystore and its components, including pumps, agitators, pipes, valves, grates, spreader, and concrete apron, retaining walls, paving, at a cost of $148,289. The system never operated properly even though several parts were replaced. The Slurrystore complaint named Smith, AOSHPI and Hawke as defendants, as well as one additional manufacturer of a component part, Flygt Corporation.[1]

The Beutz and Fairchild complaints each alleged as a basis for recovery: negligence, fraud, breach of implied and express warranties, strict products liability and misrepresentation.

While discovery was proceeding in these state court cases, plaintiffs joined with approximately 70 other farmer plaintiffs who

---

**1.** While the case .was pending before this court, Fairchild and Flygt reached a settlement and

Flygt is no longer a party to this suit.

had purchased Harvestore silos, in a suit in federal district court alleging violation of the federal Racketeering Influenced and Corrupt Organizations Act, (RICO), 18 U.S. C. §§ 1961 *et seq.,* in connection with the sale and distribution of those silos. Smith, AOSHPI, and Hawke were among the named defendants. The federal complaint did not allege any facts regarding the Slurrystore system. *Albjerg, et al. v. A.O. Smith Harvestore Products, Inc., et al.* (Civ. 6–85–1429). The *Albjerg* plaintiffs' counsel represented many of those plaintiffs, including Beutz and Fairchild, in pending state court actions.

Defendants immediately moved to dismiss the federal action based on Federal Rules of Civil Procedure 9(b) (failure to allege fraud with particularity) and 12(b)(6) (failure to state a claim upon which relief may be granted.) The federal court granted the motion to dismiss on these grounds November 14, 1985 but also granted plaintiffs' motion for leave to amend. The amended complaint was filed December 20, 1985, naming only AOSHPI and Smith as defendants, but naming Hawke as an enterprise within the requirements of RICO. Defendants again moved to dismiss on Rules 9(b) and 12(b)(6) grounds.

Plaintiffs' attorney appeared at the February 10, 1985 hearing on this motion without filing a memorandum in opposition, in violation of United States District Court Local Rule 4(B). The court informed plaintiffs that they were in default for failure to file the brief and that he was going to dismiss the lawsuit. Plaintiffs' attorney asked whether the dismissal was without prejudice. The judge responded, "I'm just going to dismiss. Because you haven't filed a brief, I don't know the issue * * * * So your lawsuit is dismissed on account of your failure to file a brief * * * * Your lawsuit is all through. If you want some relief from that, you've got to file a motion and make a showing." The action was dismissed by order dated February 11, 1986. (February Order)

On May 23, 1986, more than 90 days after the February order, the *Albjerg* plaintiffs moved to reinstate the amended complaint. The motion was set for hearing on August 11, 1986, but on July 14, 1986, plaintiffs' counsel requested the calendar clerk of the U.S. District Court to remove the hearing from the calendar. On August 27, 1986 attorney fees were assessed against plaintiffs' attorney in the federal action.

The *Beutz* state court case was scheduled for trial on October 6, 1986 on the fraud and misrepresentation claims. The other claims had previously been dismissed by partial summary judgment, which had also dismissed Smith from the case. On September 29, 1986, one week before trial, the Stearns County District Court issued an order permitting the Beutzes to amend their complaint by striking the claim for consequential damages and adding a claim for recission. Three days later, on October 2, 1986, AOSHPI moved to dismiss the amended complaint pursuant to the doctrine of res judicata. On Beutzes' request, the trial was continued until February 24, 1987, so that the *Albjerg* plaintiffs could bring a Rule 60 motion in federal court for relief from the February order. The federal court heard the motion on November 3, 1986, with the defendants arguing that it was untimely and made no proper showing for relief under Rule 60(b). The court refused to grant any relief from the February order, saying, "[t]he exact nature of that dismissal is at issue in state court. Even if the Rule 60(b) motion was timely, which it is not, I see no reason to enter the state fray on this issue. The record is clear as to the reason for dismissal." Ten months later, the Eighth Circuit Court of Appeals, affirmed the federal court's denial of the Rule 60 motion, acknowledging that the RICO action had been dismissed solely because counsel failed to file a brief as required by local rule. The federal appellate court stated, "The preclusive effect to be given in the state courts to such a ruling is simply not within the power of the federal courts to determine." *Albjerg v. A.O. Smith Harvestore Products, Inc.,* No. 86–5466 slip op. at a4 (8 Cir.Sept. 1, 1987).

The Stearns County District Court dismissed the *Beutz* lawsuit on grounds of res judicata by order dated May 5, 1987. The

Nobles County District Court dismissed *Fairchild's* Harvestore and Slurrystore lawsuits on grounds of res judicata by order dated May 21, 1987. On the Beutzes' appeal, the Minnesota Court of Appeals reversed, holding that the February, 1986 federal court dismissal was procedural and not an adjudication on the merits. The court of appeals further held that the defendants had waived the affirmative res judicata defense by delaying eight months before asserting it and that equity demanded plaintiffs have their day in court. *Beutz v. A.O. Smith Harvestore Products, Inc.,* 416 N.W.2d 482 (Minn.App.1987).

The court of appeals consolidated the *Fairchild* Harvestore and Slurrystore appeals and reversed on the authority of *Beutz* without separately addressing the effect of res judicata on the Slurrystore case. *Fairchild v. A.O. Smith Harvestore Products, Inc.,* 418 N.W.2d 196 (Minn.App. 1988). This court granted review and consolidated the *Beutz* and *Fairchild* cases.

## II

The question to be determined is whether the federal court dismissal of plaintiffs' complaint in the RICO action bars litigation of the state law claims in state court on the basis of res judicata.[2]

The doctrine of res judicata exists in order to relieve parties of the burden of relitigating issues already determined in a prior action, that a party may not be "twice vexed for the same cause." *Shimp v. Sederstrom,* 305 Minn. 267, 270, 233 N.W.2d 292, 294 (1975). This court set out the rule which bars litigation of a claim under the doctrine of res judicata in *The Youngstown Mines Corp. v. Prout,* 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963), as follows:

"A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privites, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein."

Citing *Veline v. Dahlquist,* 64 Minn. 119, 121 N.W. 141, 142 (1896). *See also, Hauser v. Mealey,* 263 N.W.2d 803, 806 (Minn. 1978).

Defendants argue that the February dismissal was a final adjudication on the merits under Fed.R.Civ.P. 41(b) which provides: "Unless the court in its order for dismissal otherwise specifies, a dismissal * * * operates as an adjudication upon the merits." The Eighth Circuit upheld the RICO dismissal as final and upon the merits under Rule 41(b), but indicated that the rule did not answer whether the dismissal operated upon the merits of the state law claims. *Albjerg v. A.O. Smith Harvestore Products, Inc.,* No. 86–5466 slip op. at 4 (8th Cir. Sept. 1, 1987).

Defendants argue that the federal dismissal was final as to all matters which could have been litigated and so the state law claims, which could have been appended to the federal claims, are also barred. *Hauser v. Mealey,* 263 N.W.2d 803 (Minn. 1978). Defendants urge this court to adopt a rule that pendent state claims not raised in a federal action are automatically barred by a federal dismissal. This rule was ostensibly set forth in *Anderson v. Werner Continental,* 363 N.W.2d 332 (Minn.App. 1985). We do not read *Anderson* to require such a rule.

*Anderson* involved concurrent state and federal court actions; the state actions were stayed because the defendants argued the federal court could hear the pendent state claims. Eventually the federal court dismissed 30 of 120 plaintiffs for failure to state a claim, dismissed 84 plaintiffs for failure to make discovery and comply with court orders, and dismissed the rest with prejudice. The state claims were then dismissed in state court on the basis of res judicata. The Minnesota Court of Appeals affirmed the dismissal, stating that the federal dismissal was on the mer-

---

**2.** This case does not present a choice of law question, since both the federal district and appellate courts have made clear that the preclusive effect of the federal dismissal in state court is a matter to be determined by state courts under state law. *Albjerg, et al v. A.O. Smith Harvestore Products, Inc., et al* (civ. 6–85–1429); *Albjerg v. A.O. Smith Harvestore, Inc.,* no. 86–5466 slip op. at 4 (8th Cir. Sept. 1, 1987).

its under Federal Rule 41(b). *Anderson,* 363 N.W.2d at 334. The court of appeals concluded that although the state law claims had not been asserted in the federal forum, they could have been asserted under the broad joinder provisions of civil procedure and could not be relitigated in a state forum.

*Anderson* is distinguishable from the case at hand. The parties in *Anderson* had at least five years in which to append their state law claims to the federal action. In fact, the state court actions had been stayed to permit such joinder. In contrast, the *Albjerg* suit was dismissed only six weeks after the amended complaint was filed, even before a hearing on whether the complaint stated a federal cause of action. At that preliminary stage, it was undetermined whether state claims could have been appended, and so the *Beutz* plaintiffs cannot be said to have had an opportunity to employ the liberal joinder provisions of civil procedure. Without such an opportunity, *Anderson* does not require automatic bar of state law claims which were not appended to the federal action.

Even if the state law claims could have been appended, however, our inquiry must go further and determine whether the federal court would have exercised its discretion to hear those claims after the federal cause of action had been dismissed. Unless a federal court expressly exercises jurisdiction over pendent state claims, those claims are considered to be dismissed without prejudice when the federal claim is dismissed before trial. *Stokes v. Lokken,* 644 F.2d 779, 785 (8th Cir.1981); *see Hasset*

*v. Lemay Bank and Trust Co.,* 851 F.2d 1127, 1130 (8th Cir.1988). We are persuaded that the federal court in this case would not have chosen to hear the individual state law claims of the 70 *Albjerg* plaintiffs, but would have dismissed them without prejudice under *Hasset* and *Stokes.* With this understanding of the federal court's procedure, it would be unfair to impose a harsher result for unappended state law claims than would have occurred had the claims been raised. We hold that the federal court dismissal of the RICO action in this case was not a final adjudication of the unattached state law claims and does not bar litigation of those claims in state court on the basis of res judicata.[3]

■ Defendant Hawke argues that, regardless of the res judicata effect of the February order, the November dismissal for failure to plead fraud with particularity and failure to state a claim was a dismissal on the merits as to Hawke. Although plaintiffs were granted leave to amend after that dismissal, Hawke argues the decision not to name Hawke as a defendant in the amended complaint makes the November order final as to it and res judicata as to state law claims. Not so. Under federal rules of civil procedure, a dismissal with leave to amend is not a final adjudication for purposes of res judicata. *See Trujillo v. Colorado,* 649 F.2d 823, 825 (10th Cir. 1981); *see also Johnson v. Boyd–Richardson Co.,* 650 F.2d 147, 149 (8th Cir.1981); Admittedly, plaintiffs did not name Hawke as a defendant in the amended RICO complaint, but named it as an enterprise through which the racketeering and fraud

3. Plaintiffs argued, and the court of appeals agreed, that had the defendants successfully established the requisite elements of res judicata, the claim must be deemed waived by defendants' eight month delay in raising the issue. We find the argument to be without merit. While res judicata is an affirmative defense which must be set forth affirmatively in the pleadings, Minn.R.Civ.P. 8.03, it may only be waived by failure to plead it if there is no later amendment of the pleadings. *See Rehberger v. Project Plumbing Co.,* 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973). The decision to allow amendment of pleadings is within the discretion of the trial court and should not be reversed absent a clear abuse of discretion. *Warrick v. Giron,* 290

N.W.2d 166, 169 (Minn.1980). Here, one week before trial, the trial court allowed plaintiffs to amend their complaint by dropping the claim for consequential damages and adding a claim for recission. Three days later the court permitted defendants to amend their responsive pleadings by raising the defense of res judicata. We find no abuse of discretion. Nor do we find prejudicial delay in raising the defense. Plaintiffs had attempted to reinstate the federal action and also had an opportunity to move for relief from the federal judgment. Defendants could only be assured that the federal action would not be revived after the Rule 60 hearing in November, 1986, one month after res judicata was raised.

took place. We are unpersuaded that such a restructuring of the lawsuit could by itself convert a non-final order into a final adjudication on the merits, and Hawke cites no cases to support that position.

 Hawke's alternative argument that it was a privy of Smith and AOSHPI for purposes of the February dismissal is similarly unpersuasive as well as moot. Privity requires a person so identified in interest with another that he represents the same legal right. *McMenomy v. Ryden*, 276 Minn. 55, 148 N.W.2d 804, 807 (1967) (citing 30A Am.Jur., Judgments, § 399). A decision in the RICO action would not establish or negate the liability of Hawke and other dealers who were not defendants to the action, since the amended complaint did not allege any culpable action on the part of Hawke. Further, because of the pleading requirements of RICO, plaintiffs alleged that AOSHPI and Smith were engaging in racketeering activity through the instrumentality of Hawke. The diverse pleading requirements preclude determination that Hawke's interests are identical with the interests of AOSHPI and Smith, and Hawke may not claim privity.

### III

Finally, we address the effect of the *Albjerg* federal action on plaintiff Fairchild's Slurrystore suit. The trial court dismissed both the *Fairchild* Harvestore and Slurrystore suits on the basis of res judicata. The court of appeals reversed the holding without directly addressing the issues raised by the Slurrystore case.

Res judicata requires the same cause of action be asserted in both suits. The cause of action is the same when it involves the same set of factual circumstances, *Hauser v. Mealey*, 263 N.W.2d at 807, or when the same evidence will sustain both actions. *McMenomy v. Ryden*, 276 Minn. at 58, 148 N.W.2d at 807. Plaintiff Fairchild's Slurrystore suit is not the same cause of action as the federal RICO claims about the Harvestore silos. The Slurrystore is a different product, purchased separately with its own alleged defects. Although the Slurrystore theories of recovery are virtually identical with those asserted in the state law Harvestore suits, this similarity of law must not be confused with the identity of factual circumstances required to establish the causes of action were the same. Regardless of the outcome of the *Albjerg* suit and its effect on state law claims, Fairchild's Slurrystore suit is an unrelated cause of action and should be tried on its merits in state court.

We affirm the court of appeals decision reversing the decisions of the trial courts in *Beutz* and in *Fairchild* and remand these cases for trial on the merits.

Affirmed and remanded.

COYNE, J., took no part.