Edward BUCHANAN, et al., Appellants,

v.

DAIN BOSWORTH INCORPORATED, et al., Respondents.

No. C1–90–2437.

Court of Appeals of Minnesota.

May 7, 1991.

Review Denied July 24, 1991.

Raymond L. Erickson, Richard J. Leighton, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for appellants.

James B. Lynch, Dorsey & Whitney, Minneapolis, for respondents.

Considered and decided by KALITOWSKI, P.J., and DAVIES and SCHULTZ, JJ.*

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

KALITOWSKI, Judge.

Edward and Helen Buchanan began simultaneous actions in state and federal court against Dain Bosworth Inc. (Dain) and its registered representative, Vlasie Solon. The federal court dismissed several of the claims and granted Dain and Solon summary judgment on the remaining federal claims prior to trial. Dain and Solon moved for summary judgment in state court on res judicata grounds. The trial court granted the motion and the Buchanans appeal.

## FACTS

From 1979 to 1982, appellants purchased a number of securities through respondent Dain on the advice of respondent Solon. The securities lost substantial value, and several became essentially worthless.

On January 8, 1986, appellants served the state court complaint on respondents, charging them with "negligence, breach of contract, breach of fiduciary duties, violation of state statutes and regulations, * * * misrepresentations, nondisclosure and fraudulent conduct." In the federal complaint, filed a few days later, appellants charged respondents with violating the Securities Exchange Acts of 1933 and 1934, 15 U.S.C. §§ 77a–77aa, 78a–78*ll*, and 77*l*, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, and rules of the New York Stock Exchange, the National Association of Securities Dealers, and the Securities and Exchange Commission, 17 C.F.R. §§ 240.10b–5 and 240.15c2–5.

The parties conducted discovery in both lawsuits until respondents moved for dismissal or summary judgment in the federal action on November 14, 1986. Following a hearing in federal court, on December 30, 1986, the magistrate issued a report recommending dismissal of several claims and summary judgment for respondents on all other claims in the federal action based on statute of limitation grounds.

The federal district court adopted the magistrate's report and recommendations over appellants' objections. The United States Court of Appeals for the Eighth Circuit affirmed the district court in a per curiam opinion filed January 13, 1988. On January 18, 1988, respondents indicated that they would seek to use the federal court judgment to block further state court proceedings.

Respondents subsequently moved for summary judgment in the state court proceedings on res judicata grounds, and the trial court granted the motion.

## ISSUES

1. Did respondents waive their res judicata defense by acquiescing to appellants' splitting of their cause of action?

2. Does a final decision in a federal suit bar a state action where the plaintiffs did not append their state claims to the federal suit?

3. Should this court refuse to apply res judicata so as to assure appellants their day in court?

## ANALYSIS

On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). In this case the parties agree there are no issues of fact. This court is not bound by the trial court's resolution of a question of law. *Greyhound Lines, Inc. v. First State Bank of Rollingstone*, 366 N.W.2d 354, 356 (Minn.App. 1985) (citing *Miles v. City of Oakdale*, 323 N.W.2d 51, 55 (Minn.1982)), *pet. for rev. denied* (Minn. June 27, 1985).

### I.

Appellants argue that respondents waived their res judicata defense to the state court suit because respondents acquiesced in the splitting of the cause of action. The Restatement (Second) of Judgments § 26(1)(a) (1982) provides that res judicata does not bar a second suit by a plaintiff when "[t]he parties have agreed in

terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein."

There are no Minnesota cases applying this section. In the federal cases which have applied this section to allow a plaintiff to pursue a second suit, the defendants have given some positive indication of their acquiescence in the splitting of the claim. In *North Carolina Elec. Membership Corp. v. White*, 722 F.Supp. 1314, 1321 (D.S.C.1989),

> Defendants consented to plaintiffs' motion to stay [the federal] action with the understanding that if plaintiffs' suit in State court was ultimately unsuccessful, they could return to [federal] court to litigate their * * * federal constitutional claims.

The plaintiff in *Calderon Rosado v. General Elec. Circuit Breakers, Inc.*, 805 F.2d 1085 (1st Cir.1986) moved to voluntarily dismiss his state court claim so that he could proceed in federal court.

> Defendant responded, seemingly acceding to plaintiff's desire to litigate in federal court, stating * * *
>
> The alleged discriminatory dismissal shall be litigated under [the federal statute].

*Id.* at 1086. Similarly, the defendants in *Imperial Constr. Mgt. Corp. v. Laborers Int'l Union*, 729 F.Supp. 1199, 1205–07 (N.D.Ill.1990), and *Kendall v. Avon Prods., Inc.*, 711 F.Supp. 1178, 1182 (S.D.N.Y. 1989), expressly stated in one court that they would proceed in the second suit filed by plaintiffs in a different court.

Here, respondents did nothing in either state or federal court to indicate acquiescence to appellants' splitting of their claims. Appellants never sought respondents' consent to the division of the cause of action into separate cases in federal and state court. Where the plaintiff chooses to split his claims into two separate cases, just as when he splits a claim against two defendants into separate actions against each defendant, the plaintiff must "bear any risk imposed by using that procedure." *Hart v. Cessna Aircraft Co.*, 276 N.W.2d 166, 169 (Minn.1979). We hold that respon-

dents did not acquiesce to appellants' decision to split their cause of action into two suits, and therefore respondents did not waive their res judicata defense to the state action.

II.

■ Appellants argue that the federal judgment does not bar their state claims because the federal court would have dismissed the state claims without prejudice if appellants had asked the federal court to accept pendent jurisdiction over the state claims. We disagree.

First, we note that:

> A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963). Appellants could have included their state claims in the federal complaint, and the federal court would have had the power to try the claims under its pendent jurisdiction.

> To determine whether res judicata bars litigation of the state claims in state court, our inquiry must go further and determine whether the federal court would have exercised its discretion to hear those claims after the federal cause of action had been dismissed.

*Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 532 (Minn.1988). The Restatement (Second) of Judgments, § 25, comment e (1982) similarly provides:

> If * * * the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Thus, we must ascertain whether the federal court would clearly have declined to

exercise its pendent jurisdiction to hear the state claims after it dismissed the federal claims. In *Stokes v. Lokken,* 644 F.2d 779, 785 (8th Cir.1981), the court stated: "[W]hen Federal claims are dismissed before trial, the normal practice is to dismiss pendent claims without prejudice." However, even when the federal claims have been dismissed, the exercise of jurisdiction over pendent claims remains discretionary. *Koke v. Stifel, Nicolaus & Co., Inc.,* 620 F.2d 1340, 1346 (8th Cir.1980). In deciding whether to retain jurisdiction over pendent state claims when federal claims have been dismissed before trial, the federal courts consider

> the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for its resolution, and the availability of a state forum.

*Id.*

In *Beutz* the Minnesota Supreme Court found that the federal court clearly would have declined to exercise its pendent jurisdiction over the state claims because that case involved complex state claims brought by 70 plaintiffs and because the federal court dismissed the federal claims at a preliminary stage with a minimal investment of judicial time and energy. *Beutz,* 431 N.W.2d at 532. Appellants' state claims in this case do not present any special difficulty, and their resolution would not require excessive amounts of additional time and energy.

The court in *Beutz* distinguished *Anderson v. Werner Continental,* 363 N.W.2d 332 (Minn.App.1985), *pet. for rev. denied* (Minn. June 24, 1985), but did not overrule the *Anderson* holding. *Beutz,* 431 N.W.2d at 531–32. In *Anderson* the plaintiffs brought actions in both state and federal court, and the federal case was dismissed with prejudice before trial. The state court granted the defendants' motion for summary judgment on res judicata grounds and this court affirmed. *Anderson,* 363 N.W.2d at 334. We find *Anderson* to be controlling on the facts here.

To avoid the application of res judicata, the state court must be able to assert that the federal court *clearly* would not have exercised its discretion to hear the state claims, as the supreme court did in *Beutz.* As the trial court stated in this case:

> Placing the onus upon a trial judge to determine whether the federal court would have exercised jurisdiction over a party's state law claims is [to require the trial judge] to engage in mere speculation. By requiring plaintiffs to at least attempt joinder of their state claims to a federal action, it will be perfectly clear whether the federal court would choose to hear them.

We cannot say that the federal court clearly would have declined to exercise its discretion to hear appellants' state claims after it dismissed the federal claims. Therefore, we affirm the trial court's conclusion that, under the principles of res judicata, the dismissal of appellants' federal suit bars appellants' state suit.

### III.

■ Finally, appellants contend the trial court should not have dismissed the complaint because the federal case never went to trial.

> The policy requiring that every party be given his "day in court" should not, of course, be defeated by an arbitrary application of the doctrine of res judicata.

*Gollner v. Cram,* 258 Minn. 8, 13, 102 N.W.2d 521, 525 (1960), *quoted in Beutz v. A.O. Smith Harvestore Prods., Inc.,* 416 N.W.2d 482, 485 (Minn.App.1987), *aff'd* 431 N.W.2d 528 (Minn.1988).

Statutes of limitation frequently prevent litigation of claims which have never been tried, and appellants concede that a dismissal on statute of limitations grounds is a decision on the merits with res judicata effect. The proper application of res judicata is not "arbitrary," and therefore does not violate equitable principles.

### DECISION

Respondents did not acquiesce to appellants' decision to split their cause of action into two separate suits against respon-

dents. Since we cannot clearly conclude that the federal court would have dismissed the state claims without prejudice if appellants had appended them to their federal claims, we hold that dismissal of the federal suit bars the state claims.

Affirmed.