**David Pearce DEMERS, Appellant,**

v.

**CITY OF MINNEAPOLIS,
et al., Respondents,**

**and**

**Minneapolis Police Officers Federation,
Intervenor, Respondent.**

No. C8–92–365.

Court of Appeals of Minnesota.

July 7, 1992.

 

David Pearce Demers, pro se.

Robert J. Alfton, Minneapolis City Atty., James A. Moore, Asst. City Atty., Minneapolis, for respondents.

Karin E. Peterson, Gregg Corwin & Associates, St. Louis Park, for intervenor, respondent.

Considered and decided by SHORT, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

SHORT, Judge.

This case involves a question of statutory interpretation under the Minnesota Government Data Practices Act, Minn.Stat. ch. 13 (1990). David Pearce Demers sued the City of Minneapolis for access to information, including complaint forms, created during several, noncurrent internal investigations. The trial court concluded most of the requested data was private personnel data under Minn.Stat. § 13.43. On appeal, Demers argues (1) the supreme court's decision in *Demers v. City of Mpls.*, 468

N.W.2d 71 (Minn.1991) compels disclosure of the complaint forms, (2) the data he seeks is public under Minn.Stat. § 13.82, and (3) the city violated the reasonable time provisions of Minn.Stat. § 13.03, subd. 3 in responding to his request for data. We disagree and affirm.

## FACTS

Demers submitted nine requests to the police department to inspect complaint forms and final disposition records of citizen complaints relating to the use of excessive force or criminal violations by police officers. The city agreed to release the names and other background information on the complainants, but refused to release the nature and factual basis of complaints in which allegations were not sustained and did not result in disciplinary action. Demers commenced this action seeking a declaration that (a) the information requested is public investigative data under Minn.Stat. § 13.82, subd. 5, and (b) the city is guilty of a misdemeanor and liable for exemplary damages for refusing to release the information.

The trial court concluded the complaint form and investigative data created by the internal affairs division were personnel data and protected as private unless disciplinary action is taken against the officers. After examining *in camera* the disputed files, the trial court held the city complied with the statute except as to one of Demers' requests. Because one case involved a separate criminal investigation, the trial court held the file contained public data under Minn.Stat. § 13.82, subd. 5.

## ISSUES

I. Does the doctrine of res judicata bar litigation of the issue involved in this case?

II. Are complaint forms and other information about a police officer which are created during an internal investigation "public" or "private" data under the Minnesota Government Data Practices Act?

III. Did the city violate the reasonable time provision of Minn.Stat. § 13.-03, subd. 3?

## ANALYSIS

The parties do not dispute the facts in this case, but raise an issue of statutory interpretation. The construction of a statute is a question of law and is subject to *de novo* review on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (1985).

### I.

■ The doctrine of res judicata, or claim preclusion, is designed to prevent the relitigation of causes of action already determined in a prior action. *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 531 (Minn.1988). Litigation of a claim may be barred under the following rule:

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privities, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated, therein.

*Id.* (quoting *The Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963)). There are three components of res judicata: (1) a final judgment on the merits; (2) a second suit involving the same cause of action; and (3) identical parties or parties in privity. *Sunrise Elec. v. Zachman Homes, Inc.*, 425 N.W.2d 848, 851 (Minn.App.1988) (citing *Minneapolis Auto Parts Co. v. City of Mpls.*, 739 F.2d 408, 409 (8th Cir.1984)).

The third element of this test is easily satisfied. The same parties were involved in *Demers v. City of Mpls.*, 468 N.W.2d 71 (Minn.1991). Demers argues the first and second elements of res judicata are also satisfied because the city failed to assert that complaint forms are private data in the previous lawsuit. We disagree. First, there has been no final judgment on the issues involved in this case. The supreme court previously addressed only the narrow issue of whether the identities of persons who file complaints against police officers

are public data under the Act. *Id.* at 72. The issue of whether other data on the complaint forms are public data has not been litigated.

And second, Demers' lawsuits involve two distinct causes of action. While both cases require us to interpret Minn.Stat. ch. 13, each turns on a different nucleus of facts. *Cf. Beutz,* 431 N.W.2d at 533. Under these circumstances, the supreme court's opinion in Demers' first lawsuit does not bar litigation of the issue involved in the instant case.

## II.

The Minnesota Government Data Practices Act purports to reconcile an individual's right of privacy with the public's right to be fully informed about government operations. *See* Donald A. Gemberling & Gary A. Weissman, *Data Privacy: Everything You Wanted to Know About the Minnesota Government Data Practices Act—From "A" to "Z",* 8 Wm. Mitchell L.Rev. 573, 575 (1982). The Act mandates all data collected, created, received, maintained or disseminated by a public body must be accessible to the public unless expressly classified by law as nonpublic or private. Minn.Stat. § 13.03, subd. 1. The burden is on the public body resisting disclosure to identify the law which prevents disclosure. *Id.* at subd. 3.

Demers seeks access to inactive investigative data concerning allegations of the use of excessive force or criminal violations by police officers. The city claims the complaint forms and other investigative documents created by the internal affairs division of the police department are personnel data because the officers are public employees. *See* Minn.Stat. § 13.43, subd. 1. All personnel data on public employees are private unless specified otherwise in the statute. Minn.Stat. § 13.43, subd. 4; *see Annandale Advocate v. City of Annandale,* 435 N.W.2d 24, 27 (Minn.1989).

Minn.Stat. § 13.43, subd. 2 identifies exceptions to the rule that personnel data are private.

[T]he following personnel data on current and former employees * * * is pub-

lic: * * * the existence and status of any complaints or charges against the employee, whether or not the complaint or charge resulted in a disciplinary action; the final disposition of any disciplinary action together with the specific reasons for the action and data documenting the basis of the action, excluding data that would identify confidential sources who are employees of the public body; the terms of any agreement settling administrative or judicial proceedings; * * *.

Minn.Stat. § 13.43, subd. 2(a). Exceptions expressed in a law must be construed to exclude all others. Minn.Stat. § 645.20 (1990). The clear language of the statute mandates the city to tell Demers (a) whether complaints or charges have been filed against individual police officers, (b) the status of complaints or charges, and (c) the specific reasons for and final disposition of any disciplinary action taken against an officer, together with supporting data. However, the statute does not compel disclosure of the complaint itself.

Demers contends Minn.Stat. § 13.43 applies only to the investigation of noncriminal misconduct. However, we find no authority to impose such a narrow reading of the statute. Further, Demers argues his request for inactive investigative data is governed by Minn.Stat. § 13.82, subd. 5. We disagree. That section provides:

[I]nvestigative data collected or created by a law enforcement agency in order to prepare a case against a person * * * for the commission of a crime or civil wrong is confidential or protected nonpublic while the investigation is active. Inactive investigative data is public * * *.

Minn.Stat. § 13.82, subd. 5. With the exception of one file ordered produced by the trial court, there were no separate investigations initiated by the county attorney or other law enforcement agency into the citizens' complaints at issue. By its express terms, section 13.82, subd. 5 applies only to data collected in order to prepare a case against an employee. That section is inapplicable because the underlying allegations of the citizens' complaints did not give rise to a factual basis that an officer committed

a crime or civil wrong. The internal affairs division was gathering data for purposes of an internal investigation of its employees. Under these facts, complaint forms and other information about the conduct of a police officer are personnel data under Minn.Stat. § 13.43.

### III.

 Demers argues the city violated Minn.Stat. § 13.03, subd. 3 by failing to respond to his requests for data. We disagree. The city declined to produce the complaint forms and other information about police officers created during internal investigations because the city believed the data were private under Minn.Stat. § 13.43. Under these facts, there is no willful violation of the Data Practices Act under Minn.Stat. § 13.09 and Demers is not entitled to monetary relief under Minn.Stat. § 13.08, subd. 1.

### DECISION

Complaint forms and other data created during an internal investigation into the use of force by a police officer are private personnel data unless disciplinary action is taken against the officer.

Affirmed.